THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWARD C.
OBERTEAN, Relator, v. ARTHUR W. KREINHEDER, Acting Mayor
of the City of Buffalo, N. Y., and Another, Respondents.

Fourth Department, November 21, 1923.

Public officers — certiorari to review determination of acting mayor of
city of Buffalo in removing relator from police force for conduct
unbecoming officer — evidence sustains findings — while punishment is
harsh for first offense determination is confirmed.

The determination of the acting mayor of the city of Buffalo removing the
relator from the police force on the ground that he was guilty of conduct unbe-
coming an officer is supported by the evidence, and while the punishment
imposed seems to be harsh and excessive in view of the previous excellent record
of the relator, nevertheless the determination should be confirmed, as the
offense was substantial and the punishment is in the discretion of the head of
the department.

CERTIORARI issued out of the Supreme Court and attested on
the 11th day of February, 1921, directed to Arthur W. Kreinheder,
as acting mayor of the city of Buffalo, N. Y., and another, com-
manding them to certify and return to the office of the clerk of
the county of Erie all and singular their proceedings had con-
cerning the dismissal of the relator from the police force of the city
of Buffalo.

*Harry Lipsitz* [*John S. Nibloe* of counsel], for the relator.

*William S. Rann, Corporation Counsel* [*Frank C. Westphal,
Assistant Corporation Counsel*, of counsel], for the respondents.

PER CURIAM:

The relator, a member of the police force of the city of Buffalo,
on October 11, 1920, after a hearing before the acting mayor, was
found guilty of certain charges of dereliction of duty and dismissed
from the force.

The charges were that on the 14th day of September, 1920, in
the early morning hours, at a restaurant in the city of Buffalo,
the relator engaged in a brawl, used coarse, loud and profane
language and indulged in conduct unbecoming an officer and
gentleman. The evidence at the hearing is sufficient to sustain
the finding of guilt, but, considering the provocation, the character
of the persons other than the relator who were involved in the
transaction and the relator's excellent record as sworn to by his
superior officers, this single occurrence being the only blemish
upon his record, we deem the punishment to have been both
harsh and excessive. Inasmuch, however, as the offense was
substantial rather than technical, and the punishment is in the

discretion of the head of the department, we feel constrained to affirm the determination. (*People ex rel. Masterson* v. *French,* 110 N. Y. 494; *People ex rel. Morrissey* v. *Waldo,* 212 id. 174.) Whatever remedy the relator may have must lie elsewhere than in an appeal to the courts.

The determination of the acting mayor should be confirmed and the writ of certiorari dismissed, without costs.

All concur.

Determination of acting mayor of the city of Buffalo confirmed, and writ of certiorari dismissed, without costs.